IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STEPHANIE D. BRYANT-CROWE,     :

     : C.A. No. K19C-02-019 WLW

          Plaintiff,     :

     v.     :

     :

JEREMY TYLER COOK and     :
DIANE E. COOK,     :

     :

          Defendants.     :

Submitted: July 22, 2020
Decided: July 23, 2020

**ORDER**

Upon Plaintiff's Motion to Authorize Obtaining
Defendant's Criminal Record
*Denied.*

Barry Guerke, Esquire of Parkowski, Guerke & Swayze, P.A., Dover, Delaware; attorney for Plaintiff.

Nancy Chrissinger Cobb, Esquire of Law Offices of Chrissinger & Baumberger, Wilmington, Delaware; attorney for Defendants.

WITHAM, R.J.

Stephanie D. Bryant-Crowe v. Cook
C.A. No. K19C-02-019 WLW
July 23, 2020

Upon consideration of the Motion to Authorize Obtaining Defendant's Criminal Record filed by Plaintiff, Stephanie D. Bryant-Crowe ("Plaintiff"), the opposition of the Defendants, Jeremy Tyler Cook and Diane E. Cook, the record of the case, and hearing the arguments of counsel, it appears to the Court that:

1. This is a personal injury action from an incident in which Plaintiff was a pedestrian and was struck by a pick-up truck then being operated by Defendant, Jeremy Tyler Cook, and owned by Defendant, Diane E. Cook, on June 21, 2017.[1] On March 5, 2020, Plaintiff's counsel handed a proposed Stipulation and Order authorizing the State Bureau of Investigation ("the SBI") to turn over Defendant driver's criminal record ("rap sheet") to Plaintiff.[2] Defendant's counsel reviewed the Stipulation and Order but did not execute it.[3] Plaintiff filed a Motion to Authorize Obtaining Defendant's Criminal Record, and Defendant responded in opposition.

2. Plaintiff is requesting Defendant driver's criminal record to impeach Defendant's credibility.[4] Plaintiff argues that 11 *Del. C.* § 8513(b)(1) and Delaware Rule of Evidence 609 ("D.R.E. 609") authorize the Court to order the release of Defendant's criminal record.[5] Defendant claims that the arrest record or "rap sheet," which Plaintiff is seeking in this case, is not admissible for the purposes of

---

[1] Plaintiff's Motion to Authorize Obtaining Defendant's Criminal Record ("Pl. Mot.") ¶ 1.

[2] *Id.* at ¶ 2.

[3] *See Id.* ¶ 2-3.

[4] *See Id.* ¶ 5.

[5] *See Id.* at ¶ 5-6.

impeachment under Delaware Rule of Evidence 404 ("D.R.E 404"). Defendant claims that there is a significant difference between a criminal record and a conviction record.[6] Defendant further claims that the information Plaintiff is requesting is available through other means.[7] Defendant states that the information Plaintiff is seeking is irrelevant, it is not admissible evidence, and it does not lead to admissible evidence.[8]

3. "Upon application, the Bureau shall...furnish information pertaining to the identification and criminal history of any person...for any purpose authorized by Delaware state statute or executive order, *court rule* or decision or order."[9] "Under Delaware law, all relevant evidence is admissible except as otherwise restricted by statute, the rules of evidence, or other rules of court."[10] Furthermore, "[p]roof of a defendant's prior convictions is relevant when the defendant testifies because they bear upon questions of credibility."[11] The use of prior convictions solely for impeachment purposes is governed by Delaware Rule of Evidence 609 ("D.R.E. 609").[12]

---

[6] Defendant's Response in Opposition to Plaintiff's Motion to Obtain Defendant Jeremy Tyler Cook's Criminal record ("Def. Mot.") ¶ 3.

[7] *Id.* at ¶ 4. Defendant points out that Plaintiff asked about criminal convictions in the interrogatories, and that the question was answered in the negative.

[8] *Id.* at ¶ 5.

[9] 11 *Del. C.* § 8513(b)(1) (emphasis added).

[10] *Gregory v. State*, 616 A.2d 1198, 1203 (Del. 1992) (citing D.R.E. 402).

[11] *Id.*

[12] *See Id.*

4. D.R.E. 609 states that:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of 2 years under the law under which he was convicted, and the court determines that the probative value of admitting the evidence outweighs its prejudicial effect *or* (2) *involved dishonesty or false statement, regardless of the punishment.*"[13]

Accordingly, crimes involving dishonesty are those related to "perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi,* the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully."[14]

5. Additionally, the courts recognize the difference between "criminal history data" and conviction record, which are both referred to in 11 *Del. C.* § 8513.[15] As stated above, criminal history, which includes arrest record, can be released to individuals "pursuant to the Delaware state statute or executive order, court rule or decision or order."[16] Notably, D.R.E. 609 governs prior convictions and not prior

---

[13] D.R.E. 609 (emphasis added).

[14] *Gregory*, 616 A.2d at 1204 (quoting Fed. R. Evid. 609).

[15] *Gannett Co. v. Delaware Criminal Justice Information System,* 768 A.2d 508, 512 (Del. Super. 1999).

[16] 11 *Del. C.* § 8513(b)(1).

arrest record. Prior arrest record is better analyzed under D.R.E. 404 as the evidence of prior bad acts.

6. Here, Plaintiff is seeking criminal history data to determine if Defendant has any convictions. It is unclear what crimes, if any, Defendant was arrested for or convicted of. Plaintiff claims that the crime or crimes in this case could involve dishonesty or are felony crimes addressed in D.R.E. 609. Plaintiff, however, does not provide any information as to what the crime or crimes are and why she believes Defendant committed them. Furthermore, Defendant stated in the interrogatories that he was never convicted of a felony. Therefore, Plaintiff is seeking information that is broader than Defendant's conviction record. Additionally, Plaintiff did not provide any reason why this evidence would be admissible under D.R.E. 404, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[17] Given the fact that Defendant already answered the question about his prior convictions in the negative, the Court does not see a reason to authorize the release of Defendant's criminal history data. For the reasons mentioned above, Plaintiff's Motion to Authorize Obtaining Defendant's Criminal Record is **DENIED.**

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[17] D.R.E. 404.